# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JAI JOSEPH

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND
CORRECTIONS

NO.  2021 CW 0443

**AUGUST 3, 2021**

---

In Re:    Louisiana Department of Public Safety and Corrections,
          applying for supervisory writs, 19th Judicial District
          Court, Parish of East Baton Rouge, No. 689531.

---

**BEFORE:  WHIPPLE, C.J., GUIDRY, McCLENDON, WELCH, AND WOLFE, JJ.**

**WRIT GRANTED.** The trial court lacked jurisdiction to enter the judgment signed on March 25, 2021. At that time, an appeal from the first judgment rendered on January 4, 2021 had been lodged with this court pursuant to the order granting Jai Joseph's motion for devolutive appeal, signed on February 22, 2021. Both the original and amended judgments concern the same issues and same parties. Louisiana Code of Civil Procedure article 2088 provides that the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested on the granting of the order of appeal in the case of a devolutive appeal. Any order or judgment rendered subsequent to the order granting an appeal is null if that order or judgment purports to address a matter, which is at the time reviewable under the appeal. **Hernandez v. Excel Contractors, Inc.,** 2018-1091 (La. App. 1st Cir. 3/13/19), 275 So.3d 278, 283. Additionally, the amended judgment purports to change the substance of the first judgment in contravention of La. Code Civ. P. art. 1951. When a trial court substantively amends a judgment without recourse to the proper procedure, the amended judgment is an absolute nullity. **Mack v. Wiley,** 2007-2344 (La. App. 1st Cir. 5/2/08), 991 So.2d 479, 485-86, writ denied, 2008-1181 (La. 9/19/08), 992 So.2d 932. Here, the trial court had no jurisdiction to enter the amended judgment, which substantively altered the substance of the original judgment. Thus, the amended judgment, signed on March 25, 2021, is an absolute nullity and is hereby vacated.

                              **JEW**
                              **EW**

McClendon, J., concurs.

Whipple, C.J. and Guidry, J., dissent and would not consider the writ. The writ application does not contain the Petition for Judicial Review, the Motion for Expedited Hearing referenced in the trial court's March 25, 2021 judgment, a minute entry or the transcript from the hearings on the motion, and a signed order setting a return date. See Uniform Rules of Louisiana Courts of Appeal, Rule 4-5(C)(8), (10), and (11).

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT